# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| LAMONT WILLIAMS,<br>    Petitioner, | Civil Action No. 1:07-cv-897 |
| vs. | Beckwith, J.<br>Black, M.J. |
| TIMOTHY BRUNSMAN, WARDEN,<br>    Respondent. | REPORT AND<br>RECOMMENDATION |

Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the Court on the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 10), and petitioner's motion to stay proceedings. (Doc. 15).

## State Court Proceedings

In June 2004, petitioner was indicted on two counts of aggravated robbery with firearm specifications; two counts of robbery with firearm specifications; two counts of kidnapping with specifications; three counts of felonious assault; and one count of aggravated burglary with specifications. (Doc. 10, Exh. 1). Petitioner pled guilty to two counts of aggravated robbery with one specification, two counts of kidnapping with one specification, one count of aggravated burglary with one specification, and two counts of felonious assault. (Doc. 10, Exhs. 4, 5). The State dismissed the remaining charges. (Doc. 10, Exh. 6). Petitioner was sentenced to an aggregate sentence of fifteen years imprisonment. (Doc. 10, Exh. 7).

With the assistance of counsel, petitioner filed a delayed appeal challenging his sentence. (Doc. 10, Exhs. 8-11). The Ohio Court of Appeals sustained petitioner's assignment of error and remanded the case for resentencing in light of *State v. Foster*, 845 N.E.2d 470 (2006). (Doc. 10, Exh. 13). Petitioner's subsequent *pro se* motion for delayed appeal in the Supreme Court of Ohio was denied. (Doc. 10, Exhs. 14-16).

On August 25, 2006, the trial court re-sentenced petitioner to the same term of incarceration

as his original sentence. (Doc. 10, Exh. 17). Petitioner filed a *pro se* motion for delayed appeal in the Ohio Court of Appeals. (Doc. 10, Exh. 18). The Ohio Court of Appeals granted the motion and appointed counsel. (Doc. 10, Exh. 19). On August 29, 2007, the Ohio Court of Appeals overruled petitioner's sole assignment of error challenging the imposition of "a sentence that was contrary to law." (Doc. 10, Exhs. 20-22). Petitioner, through the same counsel, filed a timely notice of appeal to the Supreme Court of Ohio. (Doc. 10, Exh. 23). On January 23, 2008, the Supreme Court of Ohio declined jurisdiction to hear the case. (Doc. 10, Exh. 35).

Meanwhile, petitioner filed a *pro se* post-conviction petition in the trial court which was subsequently denied. (Doc. 10, Exhs. 26-28). Petitioner did not pursue an appeal.

## Federal Habeas Corpus

On October 25, 2007, petitioner filed a petition for a writ of habeas corpus in this federal court raising the following grounds for relief:

> **GROUND ONE:** Petitioner's sentences are void as violating the 14th Amendment's due process provision as being ex post facto.
>
> **Supporting Facts**: At the time the crimes occurred, Ohio law mandated that the petitioner be sentenced to the maximum-minimum sentence per Ohio Revised Code § 2929.14(B). The Ohio Supreme Court's subsequent judicial enlargement of this statute violates the 14th Amendment of the U.S. Constitution as being ex post facto. See *State v. Foster,* [2006], 109 Ohio St. 3d 1, 845 N.E.2d 740.
>
> **GROUND TWO:** Denial of effective assistance of counsel on appeal.
>
> **Supporting Facts**: Appellate counsel rendered constitutionally deficient performance where he or she fails to cite trial counsel's ineffectiveness where both attorneys failed to properly object to petitioner[']s sentence as being void as a matter of law, thereby failing to recognize[,] argue and brief a dead bang winner.
>
> **GROUND THREE:** Right to procedural due process denied where sentences for both aggravated robbery and theft violate allied offense protection.

>**Supporting Facts**: State trial court sentenced petitioner for aggravated robbery and theft offenses where offenses were of the same or similar import thereby depriving him of his absolute right to procedural due process of law.

(Doc. 1, petition).

Respondent seeks dismissal of the petition to require petitioner to exhaust his state court remedies with respect to Ground Two of the petition or, alternatively, to dismiss the petition with prejudice on the basis that: (1) Grounds One and Three of the petition are procedurally defaulted and waived, and (2) Ground Two of the petition, to the extent it seeks to raise a claim that petitioner's sentence violates the Sixth Amendment and *Blakely v. Washington,* 542 U.S. 296 (2004), is without merit. (Doc. 10). Petitioner seeks an order staying any ruling on his habeas corpus petition to allow him to exhaust his state court remedies pursuant to Ohio Appellate Rule 26(B), which allows for the re-opening of a direct appeal on the basis of ineffective assistance of appellate counsel. (Doc. 15 at 1-2).

As an initial matter, the undersigned declines to recommend that this matter be dismissed with prejudice on the merits. Ground Two of the petition asserts a claim of ineffective assistance of appellate counsel. Respondent argues that to the extent petitioner bases his ineffective assistance of counsel claim on counsel's failure to raise a *Blakely* issue, the petition should be dismissed with prejudice. However, respondent acknowledges that the basis of petitioner's ineffective assistance of appellate counsel is not entirely clear. (Doc. 10 at 10). Given petitioner's *pro se* status, the undersigned declines to speculate on the precise basis for petitioner's ineffective assistance of appellate counsel claim and believes a ruling on the merits of this claim at this juncture would be premature. As will be explained below, petitioner should be required to fully exhaust this claim through the state courts before the federal court renders any ruling. Therefore, the undersigned

recommends that respondent's request for a dismissal of the petition with prejudice be denied.

Nevertheless, respondent's alternative request for a dismissal of the petition without prejudice to allow petitioner to exhaust his state court remedies is well-taken. An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The United States Supreme Court in *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999), held that to fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's

failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court held that district courts have discretion, in limited circumstances, to hold mixed petitions in abeyance, rather than dismissing them. The Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's purposes." 544 U.S. at 276. The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s 'simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court.'" *Id.* at 276-77 (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

The Supreme Court in *Rhines* held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a

mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, petitioner concedes that Ground Two of the petition has not been exhausted. Petitioner requests a stay of the habeas corpus proceedings so he may file a motion to reopen his direct appeal on the basis of ineffective assistance of appellate counsel under Ohio App. R. 26(B). (Doc. 15 at 2). However, petitioner does not meet the criteria for granting a stay under *Rhines*. Petitioner has not offered any justification for not previously file a Rule 26(B) motion to reopen his direct appeal before filing his habeas petition with this Court. He has made no argument that he had "good cause" for failing to present his ineffective assistance of appellate counsel claim in state court to this point. Petitioner simply asks for a stay of the proceedings to allow him to return to the Ohio Court of Appeals and exhaust his state court remedies pursuant to Appellate Rule 26(B). (Doc. 15 at 2). In the absence of any explanation or justification, petitioner has not established "good cause" for his failure to exhaust his ineffective assistance of appellate counsel claim.

Nor has petitioner argued or shown that his ineffective assistance of appellate counsel claim is potentially meritorious. The Court notes that a motion to re-open under Rule 26(B) must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ohio App. R. 26(B). The appellate court judgment was rendered on August 29, 2007. (Doc. 10, Exh. 22). To date, over one year later, there is no indication from petitioner that he has ever filed a Rule 26(B) motion in the state appellate court. In addition, because petitioner has not submitted a copy of any Rule 26(B) motion in support of his motion to stay, the Court cannot determine whether petitioner is asserting good cause for any untimely filing

beyond the ninety-day deadline or the factual or legal basis for his ineffective assistance of appellate counsel claim. The absence of any showing of a potentially meritorious ineffective assistance of appellate counsel claim militates against a stay of this habeas corpus proceeding.

Petitioner has failed to meet his burden of showing he is entitled to a stay of this habeas corpus proceeding while he exhausts his state court remedies on Ground Two of the petition. Accordingly, the Court should deny petitioner's motion to stay the petition.[1]

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** to refiling after petitioner has exhausted the arguably available remedy of a delayed application to reopen his appeal pursuant to Ohio App. R. 26(B).

2. Respondent's request for a dismissal of the petition with prejudice be **DENIED.**

3. Petitioner's motion to stay proceedings (Doc. 15) be **DENIED**.

4. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that this case should be dismissed without prejudice pending exhaustion of such remedies.[2]

5. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  12/11/2008             s/Timothy S. Black
       Kl                     Timothy S. Black
                              United States Magistrate Judge

---

[1] Nothing contained in this Report and Recommendation should be considered as a limitation on petitioner's ability to pursue any state court remedies that may be available to him.

[2] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LAMONT WILLIAMS,  
    Petitioner,

vs.

TIMOTHY BRUNSMAN, WARDEN,  
    Respondent

Civil Action No. 1:07-cv-897

Beckwith, J.  
Black, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **FIFTEEN (15) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)  Any response by an opposing party to the written objections shall be filed within **TEN (10) DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).